UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| STEVEN HEINS, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| v. | § | |
| | § | SA-06-CV-0240 FB (NN) |
| ASSET ACCEPTANCE, LLC., and | § | |
| MARGO DAVIS, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**TO:**   **Hon. Fred Biery**
         **United States District Judge**

This memorandum and recommendation addresses a motion for summary judgment[1] filed by defendants Asset Acceptance, L.L.C., and Margo Davis. Through the motion, the defendants seek judgment on claims brought by plaintiff Steven Heins. I have jurisdiction to enter this memorandum and recommendation under 28 U.S.C. § 636(b) and the District Court's order referring all pretrial matters to me for disposition by order or to aid the District Court by recommendation where my authority as a Magistrate Judge is statutorily constrained.[2] After considering the motion and the pleadings in this case, I recommend that the motion for summary judgment be granted and summary judgment be entered in favor of the defendants.

### Jurisdiction

The District Court has jurisdiction in this case under 28 U.S.C. § 1331 because the case

---

[1] *See* docket entry # 21.

[2] *See* docket entry # 19.

includes claims brought under the laws of the United States—specifically, 42 U.S.C. § 2000e-2 and 42 U.S.C. § 1981.

## Heins's Claims

Heins has sued his former employer—Asset Acceptance—and his former supervisor—Davis—alleging unlawful employment discrimination. Heins alleges that Asset Acceptance terminated him on the basis of race, color and national origin—specifically, because he is white and is of German descent. Heins has sued Asset Acceptance and Davis for unlawful employment discrimination under chapter 21 of the Texas Labor Code, 42 U.S.C. § 2000e-2, and 42 U.S.C. § 1981, and for defamation and slander under state law. Heins has also sued Asset Acceptance for intentional infliction of emotional distress. Heins seeks economic damages and reinstatement to his former position.

## Standard for a Motion for Summary Judgment

A defendant in a civil action may move for summary judgment under Rule 56 of the Federal Rules of Civil Procedure at any time.[3] Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[4]

## Heins's Claim of Employment Discrimination Based on National Origin

Heins alleges that the defendants terminated him on the basis of national origin. Heins stated in his complaint that although he is an American citizen, he appears to be German. Heins

---

[3] FED. R. CIV. P. 56.

[4] *Id*.

explained that his father was born in Germany and that he lived and worked in Germany for 27 years, adopting mannerisms which make him appear German. Heins alleges that Asset Acceptance terminated him because he is of German origin and replaced him with a Black employee. The defendants advance two arguments for why they are entitled to summary judgment: (1) Heins cannot make a prima facie case of unlawful discrimination and (2) Heins cannot raise a fact question about why Asset Acceptance terminated him.

Title VII of the Civil Rights Act of 1964—42 U.S.C. § 2000e-2—makes it "unlawful . . . for an employer . . . to discharge any individual . . . because of such individual's . . . national origin."[5]  Where, as here, there is no evidence of direct discrimination, a plaintiff must first present a prima facie case of discrimination.[6]  "In order to show a prima facie case of discriminatory discharge, a plaintiff must first establish that [he] (1) is a member of a protected class, (2) was subjected to an adverse employment action, (3) was qualified for [his] position, and (4) was replaced by someone outside of the protected class."[7]  The defendants maintain that Heins cannot show that he is a member of a protected class because Heins's claim is based on the perception of being German, rather than on being German.

Title VII does not define "national origin," but the Supreme Court of the United States has recognized that "national origin" includes the country of one's ancestors.[8]  Here, Heins bases

---

[5]42 U.S.C. § 2000e-2(a).

[6]*See Turner v. Baylor Richardson Med. Ctr*, 476 F.3d 337, 345 (5th Cir. 2007).

[7]*Turner*, 476 F.3d at 345.

[8]*See Espinoza v. Farah Mfg. Co.*, 414 U.S. 86, 88 (1973) ("The term 'national origin' on its face refers to the country where a person was born, or, more broadly, the country from which his or her ancestors came.").

his claim on his father's national origin—Heins testified during his deposition that he believed his father was born in Germany. The defendants do not dispute that Heins's father was born in Germany. Having established that his father came from Germany, Heins has established membership in a protected class.[9]  As a result, the defendants are not entitled to summary judgment on this basis.

> If a plaintiff is successful in establishing a prima facie case of discrimination, the employer must rebut a presumption of discrimination by articulating a legitimate, nondiscriminatory reason for the adverse employment action. If the employer meets its burden, then it shifts back to the plaintiff to present substantial evidence that the employer's reason was pretext for discrimination. If the plaintiff can show that the proffered explanation is merely pretextual, that showing, when coupled with the prima facie case, will usually be sufficient to survive summary judgment.[10]

The defendants maintain that Heins was terminated "for violating its code of conduct through the way he treated his subordinates, peers and supervisors."[11]  This reason constitutes a legitimate, nondiscriminatory reason for terminating Heins. As evidence of this reason, the defendants presented an affidavit from Greg Brueland, the branch manager of the Asset Acceptance office where Heins worked. Brueland attested that he and Thom Whitten made the decision to terminate Heins and that Heins was terminated "because his conduct dealing with Ms. Davis, Mr. Ibarra, and Ms. Long and others violated Asset Acceptance's code of conduct and not because of

---

[9] *See Dawavendewa v. Salt River Project Agric. Improvement & Power Dist.*, 154 F.3d 1117, 1119-20 (9th Cir. 1998) (relying on the same authority to determine that discrimination on the basis of tribal affiliation can give rise to a "national origin" claim because the different Indian tribes were at one time considered nations); *Pejic v. Hughes Helicopters*, 840 F.2d 667, 673 (9th Cir. 1988) (concluding that being Serbian constitutes being a member of a protected class because "national origin" includes the country of one's ancestors even if the country no longer exists).

[10] *Turner*, 476 F.3d at 345 (internal citations omitted).

[11] *See* docket entry # 21, p. 12.

any perception of his national origin."[12]  The defendants also presented an affidavit from Thom Whitten, Assistant Vice President for Asset Acceptance.  Whitten attested that he was involved in the decision to terminate Heins.  He explained that "Mr. Heins' termination was brought about by his conduct toward Ms. Davis, his supervisor, and his subordinates.  Mr. Heins violated the Code of Conduct concerning his treatment of his subordinates and Ms. Davis."[13]  Because Asset Acceptance established a legitimate, nondiscriminatory reason for terminating Heins, the burden shifts to Heins to raise a fact question about whether Asset Acceptance's reason for terminating him was a pretext for unlawful discrimination.

To raise a fact question, Heins relies on the excerpts from his deposition testimony wherein he testified about comments he alleges were made about his national origin.[14]  Heins maintains that these comments, taken together, constitute sufficient circumstantial evidence to create a fact question about the reason he was terminated.[15]  The first purported comment is on page 46 of Heins's deposition.[16]  At that point in the deposition, Heins was being questioned by Asset Acceptance's attorney about statements he alleges defamed him.  Heins testified that Brueland had made a comment something like, "You Germans are never happy."[17]  On page 47,

---

[12]See docket entry # 21, exh. 4, p. 2.

[13]Id. at exh. 1, p. 2.

[14]The excerpts ate attached to the defendants' motion for summary judgment.

[15]See docket entry # 24, pp. 2 & 9.

[16]See docket entry # 21, exh. 3.

[17]Brueland attested in his affidavit that he never referred to Heins as an unhappy German.  See docket entry # 21, exh. 4.

Heins stated that it could have been, "Germans are never happy." Heins elaborated as follows:

> You're taking a group of individuals, Germans which are, I pride myself on being very analytical, logical in thinking, and simply due to their mannerisms, their titles as begin unfriendly or unhappy, but that is not the case. . . . But to take these individuals and pull them off to the side and say Germans, as a group, are unfriendly, is wrong. And to hear it one time possibly is something that you could say he didn't understand what it was about, but to be subjected to this more overt in a work environment, I felt – I felt I was singled out.[18]

Although this testimony was provided in response to questions about his defamation claim, Heins's complaint indicates that he also relies on the purported comment to support his unlawful discrimination claim.[19]

The next comment Heins complains about is on page 53. In response to questions about his defamation claim, Heins testified that Mani Reyes—Human Resources Manager for Asset Acceptance's San Antonio office—referred to him as a "brown pants," suggesting that he supported Hilter's Nazi idealism. Heins explained that such a reference was a harsh statement.

The third comment Heins complains about is on page 54 of his deposition. There, Heins testified that Whitten said something along the lines of "You unfriendly Germans." Heins testified that Whitten had referred to Germans as unfriendly on numerous occasions.

The defendants' motion refers to a fourth comment allegedly made by Davis referring to Heins as a Nazi. The motion indicates the applicable testimony is on page 37 of Heins's deposition, but that page is not included in the summary judgment evidence.

If true, such comments are certainly inappropriate in a work environment, but this evidence does not raise a fact question about whether Asset Acceptance's reason for terminating

---

[18]*See* docket entry # 21, exh. 3, pp. 47-48.

[19]*See* docket entry # 1, exh. A (Pl. complaint), at p. 5.

Heins was pretext for discrimination.  Perhaps inappropriately and unfairly—especially for a person of German descent—the term "nazi" is often used in modern English to refer to an authoritarian or dictatorial person.[20]  While the term is undoubtedly used as an insult, the alleged use of that term is consistent with the summary judgment evidence which characterizes Heins as a harsh manager.  For example, Whitten attested that he had observed the way Heins corrected his subordinates and "informed him that he was too abrasive, harsh, or tough with his employees," but that Heins never changed his manner of dealing with his subordinate employees.[21]  Davis testified about an incident in which Heins berated Brian Ibarra—one of Heins's subordinates—after he instructed Ibarra to ask another supervisor for help and followed the supervisor's instructions.[22]  Davis stated that Heins yelled at Ibarra.  Davis explained that the main problem with Heins's job performance was his mistreatment of the account representatives.  She explained that Heins would occasionally yell and demean account representatives.[23]  Brueland likewise attested that he "personally observed that Mr. Heins had issues with communicating with his subordinates, often being loud, abrasive and rude."[24]  He described the

---

[20]*See* ENCARATA DICTIONARY, *available at* http://encarta.msn.com.  *See also* MERRIAM-WEBSTER ONLINE DICTIONARY (defining "nazi" as  "One who is likened to a German Nazi: a harshly domineering, dictatorial, or intolerant person."), *available at* http://www.m-w.com; OXFORD ENGLISH DICTIONARY (defining "nazi" as "[a] person who is perceived to be authoritarian, autocratic, or inflexible; one who seeks to impose his or her views upon others."), *available at* http://dictionary.oed.com.

[21]*See* docket entry # 21, exh. 1.

[22]*See* docket entry # 21, exh. 2, pp. 22-23.

[23]*Id*. at p. 35.

[24]Docket entry # 21, exh. 4, p. 1.

same incident that Davis testified about in which Heins yelled at Ibarra and explained that Heins continued to yell at Ibarra even after Davis instructed him to stop.[25] Reyes attested to a complaint that she received from Sarah Long about Heins's treatment of her. Reyes stated that Long complained about behavior and speech she felt were intended to intimidate her, and which she considered harassing and singled her out.[26] While the foregoing discussion does not condone the use of such a derogatory term as "nazi" to characterize Heins's conduct, the discussion is consistent with Asset Acceptance's purported reason for terminating Heins. Whitten attested that Heins was terminated "because his conduct dealing with Ms. Davis, Mr. Ibarra, and Ms. Long and others violated Asset Acceptance's code of conduct. . . ."[27] As for the alleged use of the references to Germans are being unhappy or unfriendly, those comments appear to be little more than stray remarks that do not rise to the level of creating a fact question. "Stray remarks with no connection to an employment decision cannot create a fact issue regarding discriminatory intent and are insufficient to defeat summary judgment."[28]

Heins also takes issue with a complaint that he was abusive to a former superior, Richard Anyel, by telling Anyel to "shut the f— up."[29] The deposition excerpts contain little in the way of an explanation about the incident except to indicate that Heins denies that he made the

---

[25] *See id.* at p. 2.

[26] *See* docket entry # 21, exh. 5.

[27] *See* docket entry # 21, exh. 4, p. 2.

[28] *Scales v. Slater*, 181 F.3d 703, 712 (5th Cir. 1999).

[29] *See* docket entry 24, p. 7.

comment.[30]  In any event, Asset Acceptance does not appear to rely on that comment to support its reason for terminating Heins.

Heins has offered little more than his own belief that he was terminated because he is of German descent to raise a fact question about pretext.  Even if Heins's former co-workers made the comments he testified about, those comments do not raise a fact question.  As a result, the defendants are entitled to summary judgment on Heins's claim under 42 U.C.S. § 2000e-2 that he was terminated based on national origin.

As for Heins's claim under 42 U.S.C. § 1981 that he was terminated based on national origin, the defendants are also entitled to summary judgment on that claim.  Although plaintiffs rarely rely on this provision to pursue a claim for unlawful discharge based on national origin, the United States Court of Appeals for the Fifth Circuit has indicated that this provision may be used.[31]  When the provision is used, the *McDonnell Douglas* burden-shifting framework analyzed above applies.[32]  Because the analysis is the same as for a claim under 42 U.S.C. § 2000e-2, the defendants are entitled to summary judgment because Heins did not raise a fact question about whether the defendants' reason for terminating him was a pretext for discrimination.

The requirements for proving unlawful employment discrimination in violation of the

---

[30]*See* docket entry # 21, exh. 3, pp. 130-133.

[31]*See Jatoi v. Hurst-Euless-Bedford Hosp. Auth.*, 807 F.2d 1214, 1218 (5th Cir. 1987) (recognizing the difficulty in distinguishing discrimination based on national origin from that based on race and stating that the court will treat the case as asserting a claim under 42 U.S.C. § 1981 whenever a plaintiff alleges discrimination based on his membership in a group that is commonly perceived as "racial" because it is ethnically and physiognomically distinct, regardless of whether the plaintiff labels that discrimination as based on "national origin" or on "race").

[32]*See Jatoi*, 807 F.2d at 1220 (discussing the application of the *McDonnell Douglas* burden-shifting analysis to cases brought under 42 U.S.C. § 1981).

chapter 21 of the Texas Labor Code are also the same as a claim under 42 U.S.C. § 2000e-2.[33] Because the same analysis applies, the defendants are entitled to summary judgment on Heins's claim under the Texas Labor Code because Heins did not raise a fact question about whether the defendants' reason for terminating him was a pretext for discrimination.

### Heins's Claim of Employment Discrimination Based on Race

Heins also alleges that the defendants terminated him on the basis of race. Heins stated in his complaint that he is white and that Davis—Hispanic—sought to replace him with her husband who is Black and a friend of her husband's who is also Black. The defendants ask for summary judgment on Heins's claims on grounds that Heins admitted in his deposition that he was not terminated because of his race.

Under 42 U.S.C. § 2000e-2, it is " unlawful . . . for an employer . . . to discharge any individual . . . because of such individual's race. . . ."[34] To prevail on a claim alleging termination on the basis of race under 42 U.S.C. § 2000e-2, the plaintiff must prove the same elements as in a claim for discrimination based on national origin.[35] The same analysis applies

---

[33]*See Elgaghil v. Tarrant County Junior Coll.*, 45 S.W.3d 133, 139 (Tex. App.—Fort Worth 2000, pet. denied) (stating that a plaintiff alleging unlawful discrimination based on national origin must first establish a prima facie case of employment discrimination; burden then shifts to the employer to articulate a legitimate, non-discriminatory reason for its employment decision; next, plaintiff must raise a fact question about pretext).

[34]42 U.S.C. § 2000e-2(a).

[35]*See Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 355 (5th Cir. 2001) (explaining how a plaintiff alleging unlawful discrimination in employment based on race survives a motion for summary judgment).

for claims brought under 42 U.S.C. § 1981 and chapter 21 of the Texas Labor Code.[36]  The defendants rely on the following deposition testimony by Heins:

> Defendant's attorney:  Do you claim that you were discharged because of your race?
>
> Heins:  Not of my race.
>
> Defendant's attorney:  Just national origin, perception of being German?
>
> Heins:  Correct.

In his response, Heins attempts to clarify this issue in his response,[37] but that clarification takes Heins no farther than his prima facie case—Heins is a member of a protected class (white), he was terminated, he was qualified for his former position, and Heins was replaced by someone who is Black—that is, someone outside of Heins's protected class.  He has presented no evidence that raises a fact question about whether Asset Acceptance's reason for terminating him was pretext for discrimination based on race.  For that reason, the defendants are entitled to summary judgment on Heins's claims based on race discrimination under 42 U.S.C. § 2000-e, 42 U.S.C. § 1981, and the Texas Labor Code.

### Heins's Claim for Intentional Infliction of Emotional Distress

Asset Acceptance asks for summary judgment on Heins's claim for intentional infliction of emotional distress on grounds that Heins relies on the same facts that form the basis of his

---

[36]*See Jatoi*, 807 F.2d at 1219 (stating the requirements for a claim under 42 U.S.C. § 1981 based on race); *Piazza v. Cinemark, USA*, 179 S.W.3d 213, 215 (Tex. App.—Eastland 2005, pet. denied) (stating that the *McDonnell Douglas* burden-shifting analysis applies to a case under section 21.051 of the Texas Labor Code and explaining that once the defendant employer articulates a legitimate, nondiscriminatory reason for its employment action, the plaintiff must present evidence demonstrating that the employer's explanation is pretextual).

[37]*See* docket entry # 24, pp. 1 & 7.

unlawful discrimination claims.  In Texas, intentional infliction of emotional distress is not available when the plaintiff relies on the same facts while seeking "to invade some other legally protected interest,' even if emotional distress results."[38]  Here, Heins relies on the same facts for his claims for intentional infliction of emotional distress as for his claims based on unlawful employment discrimination.  In his response, Heins conceded that he cannot satisfy the necessary elements for a claim for intentional infliction of emotional distress.[39]  For this reason, Asset Acceptance is entitled to summary judgment on that claim.

### Heins's Claim for Slander and Defamation

Finally, the defendants ask for summary judgment on Heins's claims for slander and defamation on grounds that Heins cannot show that any of the comments that he complains about were published.  In Texas, "[s]lander is a defamatory statement orally communicated or published to a third person without legal excuse."[40]  Thus, a defendant is entitled to summary judgment if a plaintiff cannot present evidence showing that the statements were published.  Here, no evidence exists that the statements Heins complains about were published to a third person.  In his response, Heins conceded that he cannot satisfy the necessary elements for his claims.[41]  For this reason, Asset Acceptance is entitled to summary judgment on these claims.

### Retaliation

---

[38] *Hoffmann-La Roche v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004).

[39] *See* docket entry # 24, ¶¶ I(A) 2 & V.

[40] *Kelly v. Diocese of Corpus Christi*, 832 S.W.2d 88, 91 (Tex. App.—Corpus Christi 1992, pet. dism'd w.o.j.).

[41] *See* docket entry # 24, ¶¶ I(A) 3 & VI.

Heins's complaint appears to bring one final claim that is not addressed by either the defendants or Heins. The complaint includes the following passage:

> Shortly prior to his wrongful termination, the Plaintiff had admonished and seriously warned Defendant Margo Davis, against her inappropriate and illegal transfer of accounts from one employee to another as set out above. As a result, Plaintiff alleges that employees, particularly Margo Davis, outside Plaintiff's protected group, acting within the course and scope of their employment and authority, and condoned and ratified by Defendant, Asset Acceptance, intentionally or through negligence and inaction to prevent and stop such reprehensible conduct, retaliated against Plaintiff by falsely alleging that he had violated proper conduct by allegedly calling an Hispanic employee a "*tamale warmer*" or words to that effect, resulting in Plaintiff's wrongful termination. Plaintiff suffered damages, for which Plaintiff herein sues.[42]

Heins did not identify the legal theory for this claim. The claim is captioned "retaliation" suggesting retaliatory discharge as unlawful employment discrimination, but the nature of the allegations more closely resembles a defamation claim because the passage alleges a false accusation of misconduct—*i.e.*, that Heins referred to a co-worker as a tamale warmer. To prove defamation in Texas, "the plaintiff must prove that the defendant: (1) published a *false* statement about the plaintiff; (2) that was defamatory; (3) while acting with either actual malice, if the plaintiff was a public official or public figure, or negligence, if the plaintiff was a private individual, regarding the truth of the statement."[43] "Actual malice is defined as the publication of a statement 'with knowledge that it was false or with reckless disregard of whether it was false or not.'"[44] By alleging that the accusation was false, Heins addresses the "false statement" and

---

[42]Docket entry #1, exh. A (Pl. complaint), at p. 9.

[43]*Akin v. Santa Clara Land Co.*, 34 S.W.3d 334, 340 (Tex. App.—San Antonio 2000, pet. denied) (emphasis added).

[44]*WFAA-TV v. McLemore*, 978 S.W.2d 568, 573-74 (Tex. 1998).

"malice" elements of a defamation claim. In contrast, Heins's factual allegations supporting his unlawful employment discrimination claims focus on his allegations that his co-workers made derogatory remarks about being German, perceived him to be German, and terminated him because he was German. For this reason, I interpreted the passage quoted above as factual allegations supporting Heins's defamation claim rather than a claim of retaliatory discharge under 42 U.S.C. § 2000e-2. Because Heins has conceded that he has insufficient evidence to survive summary judgment on that claim, no claims remain in this cause if the District Court agrees with the recommendations that follow.

## Recommendation

Heins has failed to raise a fact question about his unlawful employment discrimination claims based on race and national origin. For that reason, the defendants are entitled to summary judgment on those claims. Heins has conceded that he has insufficient evidence to prove his claims of intentional infliction of emotional distress and defamation, and the record supports those concessions. Consequently, the defendants are also entitled to summary judgment on those claims. I recommend that the District Court GRANT the defendants' motion for summary judgment (docket entry # 21) and ENTER summary judgment in favor of Asset Acceptance.

## Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this Memorandum and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this Memorandum and Recommendation must be filed within 10 days after being served with a copy of same, unless

this time period is modified by the District Court.[45]  **Such party shall file the objections with the Clerk of the Court, and serve the objections on all other parties and the Magistrate Judge.**  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the District Court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the District Court.[46]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this Memorandum and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.[47]

**SIGNED** on March 19, 2007.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[45] 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

[46] *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[47] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).